**Jack W. MACKAY, Jr., Plaintiff,**

v.

**Daniel E. ARMEL and Raymond J. Quartemont, Defendants.**

**No. EC 73-33-S.**

United States District Court,
N. D. Mississippi, E. D.

Aug. 8, 1973.

**428**

Dudley H. Carter, Carter & Carter, Columbus, Miss., for plaintiff.

Ralph E. Rood, Burgin, Gholson, Hicks & Nichols, Columbus, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendants' motion to dismiss for lack of jurisdiction. Rule 12(b)(1), F.R.Civ.P.

Plaintiff is a citizen of Mississippi. Each defendant is a citizen of Louisiana. There exists the requisite diversity of citizenship and jurisdictional amount required by 28 U.S.C.A. § 1332, to invoke the jurisdiction of this court.

The motion is not well taken and should be denied, unless Hostess Industries, Inc. (Hostess), a Mississippi corporation, is an indispensable party in the action without whose presence the court cannot, in equity and good conscience, proceed with the parties already before the court.

Plaintiff seeks to recover damages for the breach of a written sales contract and agreement, wherein plaintiff was the "Seller" and the persons already parties defendant and said corporation were the "Purchaser". The contract is dated January 26, 1973. It is signed by plaintiff as the "Seller", and by the parties already defendants herein, Armel and Quartemont, "personally as to guaranties provided". The contract is also signed by Hostess Industries, Inc., as "Purchaser" and by New Dimension Factory Outlet. The latter corporation is one in which plaintiff owned all of the issued and outstanding stock.

The Articles of Incorporation of Hostess were executed by Armel and Quartemont, as incorporators, on the same date upon which the contract was signed, that is January 26, 1973. The Charter provides that the corporation shall not commence business until "consideration of the value of at least One Thousand Dollars ($1,000.00) has been received for the issuance of shares".

The Certificate of Incorporation was not issued by the Secretary of State until February 7, 1973. The record does not reflect that the incorporators, or the original Board of Directors, designated by the Articles of Incorporation, have performed any act or taken any steps to perfect the organization of the corporation since the issuance of its charter. The record does not show that any consideration has been paid into the corporation, as and for issued capital stock. The record is also silent of any corporate action on the part of Hostess to ratify the action of those executing the contract. It is, therefore, clear that on January 26, 1973, Hostess did not have a corporate existence or any authority by law or otherwise to execute the contract. It is equally clear that there has been no corporate action by Hostess to adopt the contract as its own since the issuance of its charter.

The record is silent as to subscriptions to the capital stock of Hostess. The contract was signed on behalf of the corporation by Armel and Quartemont, who, as has been stated, signed personally, also, as to the guaranties provided in the contract.

Hostess is subject to service of process in this jurisdiction, but its joinder will destroy the diversity character of the lawsuit and deprive the court of jurisdiction over the subject matter, necessitating the dismissal of the action.

The court is not persuaded that Hostess is an indispensable party to the action. In the first place, facts have not been pleaded which would justify a judgment against Hostess. Secondly, assuming arguendo that Hostess is liable, the interest of the two persons already parties is so intertwined with that of Hostess, as to justify the court in concluding that such persons will protect the interest of Hostess in the litigation, and that complete relief can be accorded the parties already present without the presence of Hostess.

Assuming arguendo that Hostess is a party whose joinder is needed for just adjudication, within the purview of Rule 19(a), F.R.Civ.P., the court must determine, pursuant to Rule 19(b), F.R.Civ.P., whether in equity and good conscience the action should proceed among the parties before the court, or should be dismissed. In this connection the factors to be considered by the court are (1) to what extent a judgment rendered in the absence of Hostess might prejudice Hostess or the two persons already in the litigation; (2) the extent to which by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice, if such should exist, can be lessened or avoided; (3) whether a judgment rendered in Hostess' absence will be adequate; and (4) whether plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

As the Supreme Court said in Provident Bank & Trust Co. v. Patterson, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L. Ed.2d 936, 950 (1968), "[w]hether a person is 'indispensable', that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation". When the action sub judice is considered in this context, the court is persuaded that Hostess' presence in this litigation is not required for the court to determine the issues between those already parties and award complete and adequate relief without injury to either of the persons already parties or to Hostess.

Accordingly, the motion to dismiss will be denied and overruled.

An appropriate order will be entered by the court.